UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARVIN E. OWENS, et al.                    CIVIL ACTION

VERSUS                                     NUMBER: 10-3499

DAVID GREGORY TOAL, et al.                 SECTION: "B"(5)

### REPORT AND RECOMMENDATION

Presently before the Court is plaintiffs' motion for contempt and sanctions pursuant to Rule 37(b)(2)(A), Fed. R. Civ. Pro. (Rec. doc. 36). Defendants have filed no opposition to plaintiffs' motion. For the reasons that follow, it is recommended that plaintiffs' motion be granted.

The above-captioned matter is an action for the alleged breach of a construction contract brought by plaintiffs, Marvin E. and Evangeline D. Owens, against defendants, David Gregory Toal, Total Home Remedy, L.L.C., and Baer Construction, L.L.C. (Rec. doc. 1). Essentially, plaintiffs allege that the defendants failed to effect repairs and to perform work on a residence that they own and also failed to refund the monies that plaintiffs paid for the work that was agreed to. (Id.).[1] Through counsel, the defendants eventually filed an answer to plaintiffs' complaint and a preliminary

---

[1] Plaintiffs' complaint recites a long history of repeated delays in completing the agreed-upon work despite various extensions of time being granted to the defendants.

1

conference was held at which a trial date was established. (Rec. docs. 11, 14). On May 6, 2011, the defendants discharged their attorney who thereafter moved and was allowed to withdraw from this case, leaving the defendants pro se. (Rec. docs. 25, 27). A settlement conference that was held on May 23, 2011 failed to result in a resolution of this matter and defendants were advised that it was in their best interests to immediately obtain substitute counsel. (Rec. doc. 28).

On May 31, 2011, plaintiffs filed a motion to compel in which they asserted that the defendants had failed to respond to a request for production of documents that had been served upon them despite the expiration of the delays allowed by law. (Rec. doc. 29). Defendants filed no opposition to plaintiffs' motion within the time prescribed by Local Rule 7.5 and on June 10, 2011, the Court granted plaintiffs' motion as unopposed, ordering defendants to respond to plaintiffs' outstanding discovery requests within two weeks. (Rec. doc. 34). Around this time plaintiffs filed a motion to compel the two corporate defendants to obtain counsel as such fictitious legal entities lack the ability to appear pro se and can only be represented by licensed counsel. (Rec. doc. 33). The defendants failed to timely file an opposition to this motion as well and on June 20, 2011, the District Judge granted plaintiffs' motion, ordering the corporate defendants to retain counsel by July 11, 2011. (Rec. doc. 35). The order specifically cautioned the

corporate defendants that their failure to obtain counsel may result in the imposition of sanctions, including the entry of a default judgment against the unrepresented, non-compliant corporate entities. (Id.).

On June 26, 2011, plaintiffs filed the motion at hand, representing therein that the defendants had still not responded to their outstanding discovery requests as was ordered by the Court. (Rec. doc. 36).  Plaintiffs' motion also recites a number of other delays attributable to defendants and/or their former counsel, including delays in the scheduling and the cancellation of their own depositions and the cancellation of plaintiffs' depositions. (Rec. doc. 36-1, pp. 2-3).  Once again, defendants filed no opposition to plaintiffs' motion nor had the corporate defendants retained counsel by July 11, 2011 as was previously ordered by the District Judge.[2]/  The Court nevertheless allowed the individual defendant, Mr. Toal, to participate in the oral argument that was heard on plaintiffs' motion on July 13, 2011. (Rec. doc. 38).  At that time, Mr. Toal advised the Court that he was in the final steps of retaining counsel which he anticipated finalizing by July 15, 2011. (Id. at p. 2).  Based upon that assurance, the Court deferred ruling on plaintiffs' motion until July 18, 2011 but cautioned defendants that absent a motion to enroll counsel being

---

[2]/ The latter failure is the subject of a separate motion for contempt and sanctions that will be decided by the District Judge. (Rec. doc. 39).

3

filed by that date, the Court would grant the motion and would recommend appropriate sanctions and other relief. (Id.).[3]/ Perhaps not unsurprisingly, on July 18, 2011 at approximately 4:15 p.m., Mr. Toal contacted the undersigned's chambers via telephone and requested yet another week within which to have counsel enroll on the defendants' behalf. That request was denied and this Report and Recommendation follows.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure enumerates seven forms of sanctions that can validly be imposed where a party fails to obey a court order to provide discovery which may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purpose of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[3]/ The order also directed Mr. Toal to immediately furnish to plaintiffs' counsel documents that he admitted were in his possession which were responsive to plaintiffs' outstanding discovery requests. Plaintiffs' counsel has advised the Court that he has not been furnished with any documents as of July 18, 2011.

4

A district court possesses considerable discretion to impose sanctions under Rule 37.  McLeod, Alexander, Powel & Apffel, 894 F.2d 1482, 1486 (5th Cir. 1990)(quoting Sciambra v. Graham News Co., 841 F.2d 651, 655 (5th Cir.), cert. denied, 488 U.S. 855, 109 S. Ct. 143 (1988)).

The Court notes that the trial in this matter is scheduled for August 22, 2011 with a pre-trial conference set to go forward on August 3, 2011.  By refusing to abide by their discovery obligations despite the issuance of valid court orders, the defendants have severely prejudiced the plaintiffs and have hampered their ability to prepare for trial.  As the defendants are no longer represented by counsel, these failures are attributable to them alone and evidence willfulness on their part rather than a simple inability to comply.  Under the threat of a default judgment being entered against them, the corporate defendants have also failed to retain counsel as was ordered by the District Judge.  An award of lesser sanctions would thus not be expected to coerce compliance with the Court's orders.  For these reasons, it will be recommended that defendants be adjudged to be in contempt of court, that their answer herein be stricken, and that they pay to plaintiffs $1,500.00 in attorney's fees and expenses incurred in connection with the preparation, filing, and arguing of their original motion to compel and their motion for contempt and sanctions.  Rule 37(b)(2)(C), Fed. R. Civ. Pro.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiffs' motion for contempt and sanctions be granted and that defendants be adjudged to be in contempt of court, that their answer be stricken, and that they pay to plaintiffs $1,500.00 in attorney's fees and expenses.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 21st day of July, 2011.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE